UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PLANET AID, Inc., a Massachusetts
nonprofit corporation,

                                        Civil Action No.

       Plaintiff,

vs.

TOWN OF ASHLAND, a Massachusetts
municipal corporation,

       Defendant.

## VERIFIED COMPLAINT

Plaintiff Planet Aid, by and through its attorneys, alleges as follows:

### Parties

1. Plaintiff Planet Aid, Inc. ("Planet Aid") is a 501(c)(3) nonprofit corporation headquartered in Milford, Massachusetts and operating throughout the Commonwealth of Massachusetts.

2. Planet Aid, in order to gather donations of clothes, textiles, and other lightly used goods that ultimately go to benefit families and persons in need, places clearly labeled, stand-alone donation bins at various locations across the Commonwealth of Massachusetts.

3. Defendant Town of Ashland ("the Town") is a municipal corporation existing under the laws of the Commonwealth of Massachusetts and located within Middlesex County.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this case pursuant to 28 USC § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 USC § 1343(a)(3), in that it is brought to redress constitutional violations and deprivations of law under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 42 USC § 1983, which provides causes of actions for the protection of civil and constitutional rights and damages; and under 42 USC § 1988, to secure costs and reasonable attorney fees as part of the case. This Court has supplemental jurisdiction over Plaintiff's Massachusetts constitutional claims asserted herein as those claims form part of the same case or controversy as the federal questions asserted herein, pursuant to 28 USC § 1367(a).

5. Venue is proper in this District because the events complained of occurred, and the Defendant is located, within this District pursuant to 28 U.S.C. §1391(b).

## Facts

*Planet Aid's Charitable Mission*

6. Plaintiff Planet Aid is a Massachusetts nonprofit organization that was founded in 1997 in order to improve health, aid vulnerable children, and reduce poverty in innumerable communities.

7. In an effort to carry out this mission, Planet Aid operates and maintains donation collection bins ("donation bins" or "bins") at various private properties across the country. Individuals are able to donate their used clothing, shoes, and other textiles at these locations.

8. Planet Aid sells all the clothing it collects. It sells to markets all over the world. It uses the proceeds to pay for development programs in poor communities in Latin America, Africa and Asia.

9. Before placing its donation bins at any location, Planet Aid officials contact the property owner or manager and obtain permission to place the bins at a particular private property.

10. All of Planet Aid's donation bins are clearly marked as belonging to Planet Aid and contain contact information for anyone to contact Planet Aid officials for any reason, including if donations have started to accumulate outside of and near the donation bins.

11. Planet Aid representatives generally visit each of its donation bins on a weekly basis in order to collect the donated goods and to avoid bin overflow and goods accumulating outside the bins. Below is a photograph of Planet Aid donation bins.



12. Planet Aid has operated about 10 donation bins in Ashland since 1999, and has had a long partnership with Ashland Schools.

*The Town Institutes a Ban of Donation Bins*

13. On or about June 1, 2016, Ashland Building Commissioner Mike Crisafulli sent an email to Planet Aid in which he instructed Planet Aid to "remove all bins at all locations in the Town of Ashland immediately," since the Town has recently decided that bins "are not permitted until the bylaw is approved." Crisafulli gave Planet Aid only 10 days to comply with this demand. *Exhibit 1.*

14. The "bylaw" referred to by Crisafulli in the June 1 email is attached as *Exhibit 2.*

15. Upon information from the Town, the donation bin bylaw has not been enacted into law, and there is no firm date established when the bylaw would be adopted.

16. Consequently, the recent Town policy of banning donation bins will continue indefinitely.

17. As a result of the Town's ban of donation bins, Planet Aid is completely banned from operating in the Town.

18. On June 3, 2016, counsel for Planet Aid sent a letter to Crisafulli advising him that targeting donation bins violates the First Amendment. *Exhibit 3.*

19. As of June 7, 2016, Planet Aid was receiving reports from its site hosts that Town officials have been threatening site hosts with fines if the hosts did not remove Planet Aid's donation bins. See *Exhibit 4,* letter from Ashland Public Schools.

20. As of the date of this complaint, Crisafulli and the Town remain insistent that donations bins are banned in the Town and must be removed.

## COUNT I

*Violation of Plaintiff's Free Speech Rights*
*Guaranteed by the First Amendment to the United States Constitution*
*(42 USC § 1983)*

21. Planet Aid restates the allegations in paragraphs 1 through 20 as if fully restated herein.

22. The First Amendment provides that there shall be no law "abridging the freedom of speech."

23. The solicitation of donations such as clothing, shoes, and other textiles via collection bins is a form of speech fully protected by the First Amendment to the United States Constitution.

24. Planet Aid, through the use of its collections bins, is thus engaged in First Amendment protected speech.

25. The Town's policy of banning donation bins ("the Policy") is content-based since it specifically targets receptacles that make a plea for donations and does not target other unattended receptacles.

26. Since the Policy is content-based, it is subject to strict scrutiny.

27. The Policy is not narrowly tailored to any compelling government interest and is not the least restrictive means of accomplishing any compelling government interest.

28. In the alternative, the Policy is not narrowly tailored to a substantial government interest, and does not leave open ample alternative channels of communication.

29. At all times alleged herein, the Town has been and will continue to be acting under the color of state law and engaging in state action.

30. Planet Aid is suffering and will continue to suffer irreparable harm due to the Town's deprivation of its constitutional rights through the Policy.

31. The Town has thus violated the First Amendment's guarantee of free speech through the establishment and enforcement of the Policy.

32. Planet Aid has suffered damages as a direct and proximate result of the Policy.

## COUNT II

### *Violation of Plaintiff's Free Speech Rights*
### *Guaranteed by the Constitution of the Commonwealth of Massachusetts*

33. Planet Aid restates the allegations in paragraphs 1 through 32 as if fully restated herein.

34. Under Article 16 of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts, as amended by art. 77 of the Amendments, "the right of free speech shall not be abridged."

35. The Town has violated the Constitution of the Commonwealth of Massachusetts because it has deprived and continues to deprive Planet Aid of its rights to speak freely by adopting and enforcing the Policy, which bars Planet Aid from operating donation bins in the Town.

36. Planet Aid has suffered damages as a direct and proximate result of the Policy.

## COUNT III

### *Violation of Plaintiff's Right to Equal Protection*
### *Guaranteed by the Fourteenth Amendment to the United States Constitution*
### *(42 USC § 1983)*

37. Planet Aid restates the allegations in paragraphs 1 through 36 as if fully restated herein.

38. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits unequal treatment by a government entity that burdens a fundamental right.

39. The right to free speech, which includes solicitation via donation bins, is a fundamental right.

40. The Policy treats collection bin operators unequally with other speakers since the Policy bans donation bins, but does not ban other unattended receptacles such as dumpsters.

41. The Policy is not narrowly tailored to any compelling government interest.

42. Alternatively, the Policy is not rationally related to any legitimate government interest.

43. At all times alleged herein, the Town has been and will continue to be acting under the color of state law and engaging in state action.

44. The Policy thus violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

45. Planet Aid is suffering and will continue to suffer irreparable harm due to the Town's deprivation of its constitutional rights through the Policy.

46. Planet Aid has suffered damages as a direct and proximate result of the Policy.

## COUNT IV

*Violation of Plaintiff's Right to Equal Protection*
*Guaranteed by the Constitution of the Commonwealth of Massachusetts*

47. Planet Aid restates the allegations in paragraphs 1 through 46 as if fully restated herein.

48.    Article 1 of the Declaration of Rights of the Constitution of the
Commonwealth of Massachusetts, as amended by art. 106 of the Amendments,
guarantees equal protection under the law.

49. The Town has deprived and continues to deprive Planet Aid of its right to
Equal Protection of the laws by enacting and enforcing the Policy, which bars Planet Aid
from operating its collection bins in the Town, while permitting other similarly situated
unattended receptacles to operate in the Town, in violation of the Constitution of the
Commonwealth of Massachusetts.

50. Planet Aid has suffered damages as a direct and proximate result of the Policy.

### Prayer for Relief

WHEREFORE, Plaintiff Planet Aid respectfully requests a judgment against the
Town of Ashland on each and every count alleged herein as follows:

1. Adjudge, decree and declare the rights and other legal relations of
the parties to the subject matter in controversy in order that such
declaration shall have the force and effect of final judgment and
that the Court retains jurisdiction of this matter for the purpose of
enforcing the Court's Order;

2. Pursuant to 28 USC § 2201, declare the aforementioned Policy to
be in violation of the First and Fourteenth Amendments to the
United States Constitution, and further declare that Plaintiff is
permitted as of right to operate donation bins in the Town as a
means of exercising its constitutional right to solicit donations;

3. Pursuant to 28 USC § 2202, Fed. R. Civ. P. 64, 42 USC § 1983,
and 42 USC § 2000cc-4, temporarily and permanently enjoin
Defendant from enforcing the Policy to the extent that it prevents
Plaintiff from operating collection bins in the Town;

4. Pursuant to 28 USC § 2202 and Fed. R. Civ. P. 64, award Plaintiff
exemplary, compensatory and nominal damages;

5. Pursuant to 28 USC § 2202, Fed. R. Civ. P. 65, 42 USC § 1983,
and 42 USC § 1988, 42 USC § 2000cc-4, award Plaintiff all

necessary and appropriate equitable relief;

6. Pursuant to 42 USC § 1988, 42 USC § 2000cc-4(d), Fed. R. Civ. P. 54(d), and other applicable law, award Plaintiff its reasonable attorney fees and costs; and

7. Grant such other and further relief, injunctive or otherwise, as the Court deems equitable, just and proper.

## VERIFICATION

Pursuant to 28 USC § 1746, I, Fred Olsson, declare under penalty of perjury that I have personal knowledge of matters contained paragraphs 6 through 20 of this Verified Complaint and that the allegations contained therein are true and accurate.

Executed this 9th day of June, 2016.

**Planet Aid, Inc.**

By: _____
Fred Olsson

Its: Chief Operating Officer

[this space intentionally left blank]

9

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial jury in the action of all issues so triable.

Respectfully Submitted,

**Kerstein, Coren & Lichtenstein, LLP**

Dated: June 9, 2016

By: _____
Andra J. Hutchins
BBO# 630066
Attorney for Plaintiff
60 Walnut Street
Wellesley, MA 02481
Phone: 781 997-1600
Fax:    781 997-1633
ahutchins@kcl-law.com